[No. 11408.   Department One. — March 26, 1887.]

MICHAEL TYRRELL, RESPONDENT, *v.* A. W. BALD-WIN ET AL.   A. W. BALDWIN, APPELLANT.

APPEAL — PREMATURE NOTICE — ENTRY OF JUDGMENT — DISMISSAL. — An appeal from a judgment will be dismissed if the notice of appeal is served and filed before the judgment is entered.

ID. — ENTRY OF JUDGMENT ON DAY OF FILING NOTICE — SERVICE ON PRE-CEDING DAY. — When the notice of appeal from the judgment is filed on the day on which the judgment is entered, the appeal is not prema-ture and will not be dismissed, notwithstanding the notice was served on the preceding day.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Motion to dismiss appeal.   The facts are stated in the opinion of the court.

*A. L. Rhodes,* for Appellant.

*E. W. McGraw,* and *William Royal,* for Respondent.

McKINSTRY, J. — Motion to dismiss appeal.

If the notice of appeal from the judgment was served and filed the day before the judgment was entered, the appeal must be dismissed.   (Code Civ. Proc., sec. 936, 939; *McLaughlin* v. *Doherty,* 54 Cal. 519; *Thomas* v. *Anderson,* 55 Cal. 43; *People* v. *Center,* 66 Cal. 567; *Kimple* v. *Conway,* 69 Cal. 71; *Schroeder* v. *Schmidt,* 71 Cal. 399.)

At the foot of the decree appealed from, as the same is set forth in the transcript, are the words " Decree re-

corded December 8, 1885," and attached to the transcript, as amended, is the clerk's certificate that "the decree was entered of record on the eighth day of December, A. D. 1885, in judgment book," etc. Section 668 of the Code of Civil Procedure reads: "The clerk must keep with the records of the court a book, to be called the judgment book, in which judgments must be entered." And section 939 of the same code provides that an appeal from a final judgment may be taken within one year "after the entry of the judgment." It has been repeatedly held that an appeal from a judgment may be taken within one year after its entry, although more than a year after the judge has announced or rendered the judgment. Also — in the cases cited above — that an appeal taken before such entry is premature, and should be dismissed.

An appeal is taken by filing and serving a notice of appeal. In the case now here the notice of appeal was served on the 7th and filed on the 8th of December, 1885, — the day on which the judgment was entered. There is nothing in the transcript, as amended on suggestion of diminution, to indicate that the notice of appeal was filed before the judgment was recorded. Moreover, we would not be justified in dividing a day for the purpose of rejecting jurisdiction of the appeal.

In the original transcript, written immediately below the acceptance of service of notice of appeal, are the words and figures, "Duly filed with the clerk of said court, December 7, 1885." This is evidently not a transcript of any indorsement or certificate of the clerk, and it is not covered by the stipulation of appellant's attorney that "the foregoing are correct copies of papers on file," etc.

Motion to dismiss appeal denied.

PATERSON, J., and TEMPLE, J., concurred.

Hearing in Bank denied.