HESS–BRIGHT MFG. CO. et al. v. STANDARD ROLLER BEARING CO.

(Circuit Court, E. D. Pennsylvania. June 26, 1909.)

No. 233.

TIME (§ 9*)—COMPUTATION —DAYS—CONSTRUCTION OF STATUTE.

In computing time under Rev. St. § 4887, as amended by Act March 3, 1903, c. 1019, 32 Stat. 1225 (U. S. Comp. St. Supp. 1907, p. 1003), permitting the filing of an application for a patent in this country within 12 months after the filing of an application for a patent for the same invention in a foreign country, the day of the application in the foreign country is excluded, and where the foreign application was filed on February 23d, an application filed in this country on February 23d of the following year was in time.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 11–32; Dec. Dig. § 9.*]

In Equity. On bill and plea.

Dwight M. Lowrey and Robert Fletcher Rogers, for complainants.
Augustus B. Stoughton, for defendant.

LANNING, Circuit Judge. The single question raised by the plea in this case has to do with the method of computing time under the provisions of section 4887 of the Revised Statutes, as amended by Act March 3, 1903, c. 1019, 32 Stat. 1225 (U. S. Comp. St. Supp. 1907, p. 1003). That section provides that no person otherwise entitled thereto shall be debarred from receiving a patent for his invention, nor shall any patent be declared invalid by reason of its having been first patented in a foreign country, "unless the application for said foreign patent was filed more than twelve months * * * prior to the filing of the application in this country." A further provision of the section is to the effect that an application for a patent for an invention by any person who has previously regularly filed an application for a patent for the same invention in a foreign country which by treaty, convention, or law affords similar privileges to citizens of the United States shall have the same force and effect as the same application would have if filed in this country on the date on which the application for patent for the same invention was filed in such foreign country, "provided the application in this country is filed within twelve months * * * from the earliest date on which any such foreign application was filed."

By the plea it appears that the inventions covered by the two patents in suit were patented in Germany on an application filed in that country February 23, 1903. The earlier of the applications on which the two patents in suit were allowed was filed in this country on February 23,

1904. The contention of the defendant is that the period of 12 months referred to in section 4887 of the Revised Statutes had expired before the earlier application was filed in this country. Is this contention sound?

The defendant relies in part upon Russell v. Ledsam, 14 M. & W. 574, where the plaintiff averred that original letters patent had been granted to him on February 26, 1825, for a term of 14 years, and that these letters patent were renewed on February 26, 1839. The defendant there contended that the renewal letters were granted after the expiration of the term of 14 years for which the original letters were granted. Baron Parke said:

"The next question arises on a point reserved at the trial on the evidence in support of the seventh plea. That plea was that the second or renewed letters patent were granted after the expiration of the term of 14 years granted by the first letters patent. * * * The proof was that the original letters patent were dated on the 26th February, 1825, the second on the 26th February, 1839, and the question is whether the day of the date of the first letters patent was inclusive or exclusive. The usual course in recent times has been to construe the day exclusively, whenever anything was to be done in a certain time after a given event or date; and consequently the time for enrolling a specification within six months given by the proviso is reckoned exclusively of the day of the date. * * * But in this case the question is when the term given by a patent commences; and the same rule would apply as to the commencement of a term, which, if it is to run from the date of the lease, includes the day of the date. It was asked by Mr. Kelly whether, if there had been an imitation of the invention on the day the patent was dated, it would have been an infringement of it, and we have no doubt that the answer ought to be that it would; and, if so, the day of the date would be included, and the patent would expire at midnight on the 25th day of February, 1839, for the law never takes notice of the fraction of a day, except where there are conflicting rights between subjects."

This case was referred to in the later case of Williams v. Nash, 28 Beav. 93. In this latter case it appeared that by act of Parliament it was provided that:

"Letters patent should be void at the expiration of three years * * * from the date thereof unless there be paid before the expiration of the said three years * * * the stamp duties in the schedule to this act annexed."

It was held that the payment of the stamp duty on February 26, 1858, upon letters dated February 26, 1855, was in time to save the patent, and the language of Baron Parke from the Ledsam Case as to the usual course in recent times of excluding the. day from which the computation is to be made was commented on as establishing the general rule of computation. To the same effect are the cases of Hicks v. National Life Ins. Co., 60 Fed. 690, 9 C. C. A. 215, Supreme Council v. Gootee, 89 Fed. 911, 32 C. C. A. 436, and Sheets v. Selden's Lessee, 2 Wall. 190, 17 L. Ed. 822. Following these cases, as I understand them, I conclude that in the computation of time February 23, 1903, should be excluded, and that February 23, 1904, was available for the purpose of filing the original application for the patents now in suit. It is admitted that the latter of the two patents in suit was issued as a division of the application of the first patent.

The plea will therefore be overruled, and the defendant allowed 20 days after the service of a copy of the order overruling the plea within which to file its answer.