UNITED STATES *v.* HURLBURT & SONS (No. 2064).[1]

1. SECTION 21, ACT OF JUNE 22, 1874—"TIME OF ENTRY."
     The "time of entry" spoken of in section 21, act of June 22, 1874, providing that, in the absence of fraud and protest, liquidation shall be final "after the expiration of one year from the time of entry," means the *day* of entry rather than the exact *minute* or *hour* when the entry was made.

[1] T. D. 38338.

2. SECTION 21, ACT OF JUNE 22, 1874—"ONE YEAR FROM THE TIME OF ENTRY."

In calculating "one year from the time of entry," under section 21, act of June 22, 1874, providing that, in the absence of fraud and protest, liquidation shall be final "after the expiration of one year from the time of entry," the day upon which the entry was made should be excluded. Where the entry was made on July 3, 1918, and reliquidation was had on July 3, 1919, the reliquidation was not "after the expiration of one year from the time of entry."

## United States Court of Customs Appeals, February 17, 1921.

APPEAL from Board of United States General Appraisers, G. A. 8368 (T. D. 38478).

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*Irving Washburn*, special attorney, of counsel), for the United States.

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellees.

[Oral argument Jan. 19, 1921, by Mr. Hanson and Mr. Tompkins.]

Before SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case was entered for duty upon July 3, 1918, and the entry was liquidated by the collector in due course. But afterwards, to wit, on July 3, 1919, the collector proceeded to reliquidate the entry and to increase the duty assessed upon the merchandise. No claim of fraud was made by the collector, nor had the importers in the meantime filed any protest against the first liquidation.

The importers thereupon filed a protest against the reliquidation aforesaid, claiming that it was made after the expiration of one year from the time of entry, and accordingly that it was invalid under the provisions of section 21 of the act of June 22, 1874. That section reads as follows:

Whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent, or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties.

The Board of General Appraisers sustained the protest, and the Government appeals.

It thus appears that there is but a single question involved in the present appeal, and this is very precisely presented by the record. It is this: Was the reliquidation of July 3, 1919, made after the expiration of one year from the time of entry on July 3, 1918? If so the reliquidation would be void under the limitation of the foregoing enactment, but otherwise it would be valid.

It is, of course, apparent from the language of the enactment that Congress intended to allow a year's time to the collector within

which to reliquidate an entry, and to deny him the authority to reliquidate after the expiration of that time except in case of fraud or of protest by the importer against the original liquidation. In the present case the entry was made on July 3 of one year and the reliquidation was made on July 3 of the following year. It becomes necessary, therefore, to decide whether the prescribed year for reliquidation began with or after July 3 of the first year. For if July 3, 1918, should be accepted as the first day of the year in question, then July 3, 1919, would not fall within it, since a year can not include two thirds of July. But on the other hand if the year of limitation should commence at the close of July 3, 1918, then July 3, 1919, would, of course, be included therein. The question at issue, therefore, resolves itself finally into this: Did Congress intend to allow the collector a full year for reliquidation exclusive of the day of entry, the so-called terminus a quo, or was that day or a part of it to be included within the allowed period?

This question belongs to a class which has given rise to much controversy, one writer indeed calling it the most controverted of controversies, and in almost innumerable cases the courts have been called upon to decide whether certain prescribed periods of time fixed by legislative enactments by way of limitations should be interpreted so as to include or so as to exclude the "terminus a quo."

We do not find it necessary, however, in this case to enter upon an extended discussion of the question, but content ourselves with a brief statement of the conclusions upon which the present decision rests.

1. We interpret the phrase "time of entry," as used in the enactment aforesaid, to mean the *day* of entry rather than the exact minute or hour of the day when the entry was actually made. This conclusion accords with the general rule that ordinarily fractions of a day are to be disregarded and the day itself is to be considered as a unit.—Louisville *v.* Savings Bank (104 U. S., 469); United States *v.* Stoddard et al. (89 Fed., 699, affirming T. D. 18537–G. A. 3993); United States *v.* Lumber Co. (142 Fed., 432); 38 Cyc., 314.— See citations.

It is true that this rule has been called a legal fiction subject to numerous exceptions, and that it is often disregarded in the interest of manifest justice or because of the history or the context of an enactment. But in the present case we regard the rule as altogether applicable, for no provision has been made by statute or customs regulations for noting or preserving the exact time of day when each entry or liquidation is actually made at the customs, and it may be said with confidence that it has never been the practice of either the importers or the customs officers to register upon such papers the exact time of day when they may have been filed. In the present

case no attempt was made at the trial before the board to establish the exact time of day when either the entry or the reliquidation in question actually took place, and furthermore the board adopted the view above expressed and it is incorporated in their decision of the case.

2. Proceeding then upon the view that the "time of entry," as named in the statute, signifies simply the day of the entry, we next conclude that the period of "one year from the time of entry" as allowed thereby was intended by Congress to be a full year exclusive of the day of entry, that is of the "terminus a quo." In this we are at variance with the board's decision, for according to our view the reliquidation in question was had within a year from the day of the entry. That is to say, within the intent of the governing enactment, July 3, 1919, did not occur "after the expiration of one year from" July 3, 1918.

As has already been said the judicial decisions upon this subject have been numerous and divergent, but it may safely be said that the general rule is now well settled that the terminus a quo should ordinarily be excluded from a period of limitation like the present, although the opposite view prevailed in earlier days. This, rule however, like the former one, has often been departed from in the interest of manifest justice, or because a different legislative intent was deducible from the history of the subject or from the context of the enactment.

The case of Arnold *v.* United States (13 U. S., 103, 119) is an authority which is greatly relied upon by the opponents of the foregoing view. One of the questions involved in that case was the time when the tariff act of July 1, 1812, took effect. The act itself provided in direct terms that it should apply to merchandise imported "from and after the passage of this act." The act was passed on July 1, as aforesaid, but it was contended that it did not take effect until July 2. In the course of a decision adverse to that contention Justice Story said:

We can not yield assent to this construction. The statute was to take effect from its passage; and it is a general rule, that where the computation is to be made from an act done, the day on which the act is done is to be included.

In the foregoing case, however, there was only one point of time which was involved and that was the time when the act became effective. There was no provision in it for any period of suspension or limitation, nor was there any terminus a quo, nor any relevant calculation to be made in order to give effect to the legislative intention. The cases are therefore clearly distinguishable, even though the general statement above copied be applicable. The case of H. & A. Allen, T. D. 25292 (G. A. 5678), also relied upon by the importers, is based directly upon the foregoing decision.

In the case of Griffith v. Bogert (59 U. S., 158, 163), Justice Grier, in speaking of the rule concerning the terminus a quo, said:

It would be tedious and unprofitable to attempt a review of the very numerous modern decisions or to lay down any rules applicable to all cases. Every case must depend upon its own circumstances. Where the construction of the language of a statute is doubtful, courts will always prefer that which will confirm rather than destroy any *bona fide* transaction or title. The intention and policy of the enactment should be sought for and carried out. Courts should never indulge in nice grammatical criticism of prepositions or conjunctions in order to destroy rights honestly acquired.

In the case of Sheets v. Selden (69 U. S., 177, 190), it appearing that certain rent fell due on May 1, with a provision for forfeiture if it were not paid within a month from that time, Justice Field, in the decision of the court against the claim of forfeiture, said:

The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period *from* or *after* a day named, is to exclude the day thus designated, and to include the last day of the specified period. "When the period allowed for doing an act," says Mr. Chief Justice Bronson, "is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety,. or a point of time; and so be excluded from the computation."

In the case of Best v. Polk (85 U. S., 112), it was held that " an officer commissioned to hold office during the term of four years. from the 2d of March, 1845, is in office *on* the 2d of March, 1849. The word 'from' excludes the day of date."—See Dutcher v. Wright (94 U. S., 553, 561); Taylor v. Brown (147 U. S., 640, 644); Owensboro v. Water Works (243 U. S., 166, 171); Hess-Bright Mfg. Co. v. Standard Roller Bearing Co. (171 Fed., 114); in re Babjak (211 Fed., 551); Siegelschifer v. Penn Mutual Life Ins. Co. (248 Fed., 226).

The following authorities also are applicable to the question in hand:

It is now well settled as a general rule that when an act is to be done within a given number of days from the date or day of the date or act done, the day of the date is. excluded; otherwise, an act to be done in one day must be done on the same day, and, as there is no fraction of a day, such stipulation must create an obligation to do it instanter.—Shaw, C. J., in Seekonk v. Rehoboth (62 Mass., 371, 373).

Where time is to be computed "from" or "after" the day of a given date—and there is said to be no difference between "from the date" and "from the day of the date"—that day is, in general. to be excluded from the computation.—Endlich, Interpretation of Statutes, sec. 391 (cases cited).

The rule is so generally recognized to exclude the first, or terminus a quo, and to include the last, or terminus ad quem, that it requires no particular words for its. application. The terminus a quo, so far as it is descriptive of a period of time, is coincident with the day, or day of the act, from which the computation is to be made; that day is indivisible; the period to be computed is another and subsequent period, which begins when the first period is completed.—Lewis's Sutherland Statutory Construction, sec. 185 (cases cited).

In computing time from or after a certain day, or a given date, or the day on which an act is done, the general rule is to exclude the day of the date, unless a different method of computation is clearly intended, and in this connection there is no distinction in meaning between "date" and "day of the date."—(38 Cyc., 318.) See cases cited.

See also Words and Phrases (West Pub. Co.), vol. 4, p. 2983, title "From."

We think, in conclusion, that the present case is one which clearly should be governed by the general rule above given. Manifestly it was the legislative purpose to give to the collector a full year within which to reliquidate an entry in case he saw fit to do so, or conversely, it was not the legislative purpose to limit this authority to less than a full year. This purpose would be best subserved by excluding the day of the entry when computing the year, for if that day be included within the prescribed year that period would be reduced by whatever part of the day of entry in any case had preceded the actual making of the entry itself. In the case of an entry made at the close of a business day the computing of that day as part of the prescribed year would have the effect of reducing the actual period by one full day. It is true, on the other hand, that to exclude the day of entry may have the effect in a given case of extending the allowable year by a full day or by part of a day. But as between these two contingencies we believe that the legislative purpose would most surely be effected by giving to the collector at all events a full year within which to review the entry in any case and to reliquidate it if necessary. And this would most surely be effected by disallowing any deduction therefrom by reason of the day of entry or of any part thereof.

According to our view of the case, therefore, the reliquidation in question was made within the time allowed by the statute, and it being otherwise unchallenged it controls the assessment, and the decision of the board should be and is *reversed.*