[Civ. No. 5708. First Appellate District, Division Two.—September 16, 1926.]

MARION VECKI, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

**[1]** JUSTICE'S COURT — APPEAL—DISMISSAL—STIPULATIONS—CONSTRUCTION OF SECTION 981a, CODE OF CIVIL PROCEDURE.—The only exception specified by section 981a of the Code of Civil Procedure, making it mandatory to dismiss a justice's court appeal unless brought to trial within the time prescribed therein, is a written stipulation by the parties filed with the clerk, and it is not competent for the courts to read into the section any exception which has not been declared by the legislature.

**[2]** ID.—ILLNESS OF APPEALING PARTY—CONTINUANCES—STIPULATIONS —EXCEPTIONS.—The illness of the appealing party is not an exception or an excuse for the failure to bring the appeal to trial within the time prescribed by section 981a of the Code of Civil Procedure; and likewise, the consent of counsel to continuances of the trial within the one-year period is not equivalent to a written stipulation to extend the time for trial beyond the period prescribed; in other words, the consent of the parties to continuances of trial within the one-year period does not postpone the running of that period from the time the consent is given, but the clear meaning of the language of the section is that the stipulation of the parties must consent to a delay of the trial beyond the statutory period.

---

(1) 35 C. J., p. 806, n. 79.    (2) 35 C. J., p. 806, n. 79.

1.  See 15 Cal. Jur. 547, n. 19, and Supplement.

PROCEEDING in Mandamus to require the Superior Court of the City and County of San Francisco to dismiss an appeal from a judgment of the justice's court. Walter E. Herzinger, Judge Presiding. Writ granted.

The facts are stated in the opinion of the court.

Marion Vecki, *in pro. per.*, for Petitioner.

E. De Los Magee and De Laveaga & Magee for Respondent.

NOURSE, J.—This is an original proceeding in *mandamus* to require the respondent to dismiss an appeal from a judgment of the justice's court which is pending in the respondent court. The petition alleges that on May 5, 1925, the petitioner commenced an action in the justice's court against Lea B. Meals as defendant and that after trial of said action judgment was rendered in favor of the petitioner and duly entered on June 13, 1925; that an appeal was taken from said judgment by said defendant and duly perfected, but that said appeal had not been brought to trial in the superior court within one year from the date of the filing of the appeal. The respondent answers setting up that the proceedings were prosecuted as alleged in the petition, but that said appeal had been set for trial before the superior court for January 28, 1926, and that the hearing thereof was continued from time to time by consent of the parties on account of the illness of the defendant. From the affidavit of defendant's counsel, which was used on the motion to dismiss the appeal and which is made a part of respondent's answer, it appears that the appeal was on the calendar of the superior court for the last time on April 29, 1926, and that on said date it was continued "presumably to June 10, 1926"; that the cause did not appear on the calendar of that date and that no further proceedings had been taken until defendant was served with plaintiff's motion to dismiss the appeal on the 10th of July.

On this hearing it is respondent's contention that because of the illness of the defendant and of the plaintiff's consent to the continuances which had been granted dur-

ing the period of one year after the filing of the appeal the defendant's failure to bring the cause to trial within that period is excused. The answer to this contention is found in the statute (sec. 981a, Code Civ. Proc.). This section reads, in part: "No action heretofore or hereafter appealed from the justice court to the superior court, shall be further prosecuted, and no further proceedings shall be had therein, and all such actions . . . must be dismissed by the court . . . where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said superior court, unless such time be otherwise extended by a written stipulation by the parties to the action filed with the clerk of the superior court."

It has been frequently ruled that the section is mandatory and that it is the duty of the superior court to dismiss such an appeal unless it is brought to trial within the time prescribed. **[1]** The only exception specified by the statute is a written stipulation by the parties filed with the clerk and it is not competent for the courts to read into the section any exception which has not been declared by the legislature. **[2]** Thus the illness of the appealing party is not an exception or an excuse for the failure to bring the appeal to trial within the time prescribed. Likewise, the consent of counsel to continuances of the trial within the one-year period is not equivalent to· a written stipulation to extend the time for trial beyond the period prescribed. In other words, the consent of the parties to continuances of the trial within the one-year period does not postpone the running of that period from the time the consent is given, but the clear meaning of the language of the section is that the stipulation of the parties must consent to a delay of the trial *beyond* the statutory period.

Let a peremptory writ of mandate issue as prayed.

Sturtevant, J., and Cabaniss, P. J., *pro tem.*, concurred.