ARMOUR FERTILIZER WORKS, Plaintiff and Appellee, *v.* SEVERO ABELLA BASTÓN, Defendant and Appellant.

No. 6626. Argued December 3, 1934.—Decided December 20, 1934.

*S. Abella Bastón* in his own right. *R. Buscaglia* for appellee.

MR. JUSTICE DEL TORO delivered the opinion of the Court.

Appellee requests the dismissal of the appeal taken in this case, in accordance with Rule 59 of this Court which reads:

"59. After the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this court may, in the discretion of the court, be d'smissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

Appellee maintains that the appeal was taken on February last, that defendant and appellant elected the procedure of the statement of the case to appeal, that on the date of the motion, October 22, 1934, said statement had not been filed, appellant having only requested extensions, that appellant has been negligent, that the trial in this case did not last more than an hour, appellant having in his possession the stenographic notes, which consist only of 35 pages, since March 1934.

Appellant objected to the motion in writing and orally. He admits that he selected the statement of the case and says that although the stenographic notes are dated March 28, 1934, he did not receive them until the following April, for

which reason only six months and some days had elapsed, "during which time said statement has not been prepared, due to errors in the decision of the court which had to be pointed out and due to errors in the stenographic notes which had to be corrected, for which reason more time was necessary."

Appellant denies that he was negligent and that the trial lasted only an hour, assuring that it took three hours and maintains that this is an important appeal taken in good faith. He calls attention to the fact that the dismissal had been previously requested also based on the negligence of appellant, which dismissal was refused, and he cites the case of *Tyrell* v. *Baldwin,* 78 Cal. 470.

The motion to dismiss was accompanied by a certificate issued by the Clerk of the District Court of San Juan to the effect that the statement of the case was filed on November 30, 1934, the bill of exceptions stating 10 errors.

In our judgment the negligence of appellant in perfecting the appeal appears clearly from the record.

The appeal was taken on February 12, 1934. The 90 days to which the rule refers expired in the middle of the following month of May. On June 28, 1934, appellee requested the dismissal of the appeal on the grounds of negligence in perfecting the same and because it was frivolous. This Court heard both parties and on July 11 following denied the motion because an extension granted by the district court to file the statement of the case was in force and because there were not sufficient grounds to decide whether or not the appeal was frivolous.

The 90 days had expired but the Court exercised its discretion in favor of appellant as it generally does when an extension is in effect and the negligence does not appear clearly from the record.

In spite of said first request of its right on the part of appellee, notwithstanding said notice, the inactivity of appel-

lant continued. He had in his possession the stenographic notes since April 1, 1934 which was all that was necessary to prepare the statement. The record consisted only of 35 pages. It was then a work which only took a few days. And months elapsed without it being done.

More than 90 days after filing its first motion, on October 22, 1934, appellee again exercised its right and requested again that the appeal be dismissed on the ground of negligence in perfecting the same. We are aware of the excuse of appellant, errors in the decision and errors in the record which had to be corrected. It is not admissible. No errors were assigned. If there were any, appellant had more than six months to correct them, but he took no action. Besides, he could have presented the statement of the case in accordance with the truth. The record was in his hands only to help him in his work.

The fact that the statement of the case was finally filed, is not decisive. It would have been so if it had been filed before the motion to dismiss was notified. Rule 58 of this Court. It was filed more than a month after said notice.

Even so we would be inclined to exercise our discretion in favor of appellant, but the facts of this case are so strong, among them the existence of the previous motion, that we would be clearly unjust to the other party if we so acted.

The case of *Tyrell* v. *Baldwin,* 76 Cal. 470, is not applicable. The facts of that case are different. There it was held:

''The appeal is from the judgment, the only question being as to the sufficiency of the findings to support the judgment of the court below in favor of the pla·ntiff.

''Two years ago the respondent moved to dismiss the appeal herein, and the motion was denied. (72 Cal. 192.) At the hearing of the appeal on its merits the motion was renewed. It is based on the same facts, and as leave was not granted in the former order to renew the motion, there is nothing to commend it to the discretion of the court. It is therefore denied.''

In the instant case the second motion is based on the new fact of the continued negligence of appellant. Appellee had a perfect right to present it. This Court decided before that on June 28, 1934, the negligence did not clearly appear yet and now it decides that on October 22 the negligence is apparent.

The motion must be sustained and as a result the appeal dismissed.