[Civ. No. 5405.   Third Appellate District.—May 21, 1935.]

E. J. ROSSI, Petitioner, v. THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent.

Nutter & Rutherford, D. R. Jacobs and Stephen Dietrich for Petitioner.

Lafayette J. Smallpage and Charles H. Epperson for Respondent.

THOMPSON, J.—This is a petition for a writ of *mandamus* to compel the Superior Court of San Joaquin County to dismiss an appeal from the Justice's Court of Stockton Township, under the provisions of section 981a of the Code of Civil Procedure, for failure to prosecute the appeal with due diligence.

In a suit for damages, the Justice's Court of Stockton Township rendered judgment in favor of this petitioner for the sum of $791.50, on November 30, 1932. On motion for new trial, the judgment was modified and the motion was denied as to the damages awarded in the sum of $350, on January 28, 1933. Notice of appeal from that judgment was served and filed with the justice's court on February 9, 1933. The fees of the justice of the peace were fully paid. An undertaking on appeal was served and filed on the last-mentioned date in conformity with the provisions of section 978 of the Code of Civil Procedure. All pleadings and proceedings were transmitted and filed with the clerk of the Superior Court of San Joaquin County, March 18, 1933. July 13, 1934, a stipulation of counsel was filed authorizing the return of the record to the justice's court for the purpose of permitting the justice of the peace to add to the record on appeal certain entries contained in his docket. This stipulation specifically provides that it shall not affect the plaintiff's right to a dismissal of the appeal for want of prosecution. March 18, 1935, the cause was set for trial by the Superior Court, over the protest of the plaintiff. April 8, 1935, the plaintiff moved the Superior Court to dismiss the appeal under the provisions of section 981a of the Code of Civil Procedure, for lack of prosecution, which was denied.

The Superior Court is without jurisdiction to try this cause on appeal from the justice's court for the reason that more than one year has elapsed since the appeal was perfected. Section 981a of the Code of Civil Procedure is

mandatory in that regard when no stipulation extending the time of trial has been filed by the parties to the action. (*Vecki* v. *Superior Court of San Francisco*, 79 Cal. App. 370 [249 Pac. 547].) No such stipulation was filed in the present case. The fact that the records were returned to the justice's court by stipulation after the appeal had been taken, for certain additions thereto from the docket, does not serve to extend the time within which the case must be tried by the superior court, nor does that procedure modify the mandatory provisions of the statute above referred to.

The mandatory provisions of the statute requiring the cause to be tried by the superior court within one year of the time of the appeal is not affected by the stipulation of counsel which was filed in the case extending the time allowed by section 975 of the Code of Civil Procedure to March 1, 1933, for settling a proposed statement of the case. This document contains no stipulation extending the time for the trial of the case.

For the reason that the Superior Court of San Joaquin County is without jurisdiction to try the cause, it is ordered that a peremptory writ of *mandamus* issue directing that court to dismiss the action.

Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 14, 1935, and the following opinion then rendered thereon:

THE COURT.—The appeal from the judgment was taken in this case by filing with the clerk on February 9, 1933, the notice of appeal as provided by section 984 of the Code of Civil Procedure. (Sec. 984, Code Civ. Proc.; *Tyrrell* v. *Baldwin*, 72 Cal. 192 [13 Pac. 475].) This was then the method of taking an appeal from a Justice's Court in Stockton Township from which this cause emanated, which township has a population of more than 30,000 inhabitants, as provided by section 982a of the same code, which then read:

"The provisions of this chapter shall not apply to justices' courts in cities, cities and counties, towns and judicial townships having a population of thirty thousand or more. Appeals from such last-mentioned courts shall be taken, heard

and determined as provided in chapter four of this title relating to appeals from municipal courts.''

█ No bill of exceptions was settled or certified in this case as provided by section 988a of the Code of Civil Procedure, or at all. No application was ever presented by the appellant to the Superior Court of San Joaquin County to settle such a bill of exceptions pursuant to the provisions of the last-mentioned section. The bill of exceptions is not essentially a part of the procedure of taking an appeal. It is a mere method of preserving a record upon which the appellant relies for a reversal of the trial court's decision. It is only incident to the process of an appeal. The failure to procure the settlement of a bill of exceptions does not affect the statutory time within which an appeal·may be taken, nor does it affect the mandatory provisions of section 981a of the Code of Civil Procedure with respect to the limitation of time within which a superior court may try a cause on appeal from the justice's court. █ June 5, 1933, section 982a, above quoted, was repealed, which provided that part 2, title 13, chapter III, with relation to appeals from justices' courts, had no application in townships having a population of more than 30,000 inhabitants. This repeal became effective August 21, 1933, about six months after this appeal was taken. The repeal of this last-mentioned section gave full force and effect to section 981a, *supra,* which provides that:

''No action heretofore or hereafter appealed from the justice court to the superior court, shall be further prosecuted, . . . where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said superior court. . . . ''

The exercise of diligence in bringing an appeal on for hearing is procedural in its nature, and while it is true that the last-mentioned section did not apply to this case at the time the appeal was taken the repeal of section 982a, *supra,* made it applicable to this appeal, which was then pending, and required the appellant to bring the case on for hearing in the superior court within one year from the filing of the appeal. It will be observed that more than one year elapsed after the repeal of section 982a before the case was set for trial on March 18, 1935. The superior court therefore lost jurisdiction to try the cause, and it should have been dismissed on motion

of the plaintiff. The petition for a writ of *mandamus* was properly directed to issue in this proceeding. .

The petition for a rehearing is denied.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 11, 1935.