UNITED STATES *v.* EUROPEAN TRADING Co. (No. 4137)[1]

[1] C. A. D. 1

United States Court of Customs and Patent Appeals, May 2, 1938

*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney, of counsel), for the United States.
*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for appellee.

[Oral argument April 12, 1938, by Mr. Tuttle and Mr. Auster]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT. Associate Judges

LENROOT, Judge, delivered the opinion of the court:[2]

This is an appeal from a decision of the United States Customs Court, Second Division, dismissing an application of the Government for review of the decision and judgment of the trial court in a reappraisement proceeding. The application was dismissed upon the ground that it was filed prematurely, under the provisions of section

---

[2] JACKSON, Judge, took no part in the consideration or decision of this case.

501 of the Tariff Act of 1930, which, so far as here pertinent, reads as follows:

\* \* \* Such decision [of the single judge] shall be final and conclusive upon all parties *unless within thirty days from the date of the filing of the decision with the collector an application for its review shall be filed with or mailed to the United States Customs Court* by the collector or other person authorized by the Secretary of the Treasury, and a copy of such application mailed to the consignee, or his agent or attorney, or filed by the consignée, or his agent or attorney, with the collector, by whom the same shall be forthwith forwarded to the United States Customs Court. \* \* \* [Italics ours.]

The merchandise involved consists of two shipments of galvanized wire fish trap netting, exported from Germany and entered at the port of Seattle, Wash., in 1934.

The merchandise was appraised by the local appraiser, and appellee filed separate appeals to reappraisement, which were tried together by Judge Sullivan of the United States Customs Court, sitting in reappraisement. On March 4, 1937, Judge Sullivan rendered a decision reappraising the merchandise, and on said date judgment was entered in the United States Customs Court at New York City in accordance with said decision.

On March 8, 1937, the Government filed in said Customs Court at New York City an application for a review of said decision and judgment. Said application for review, and the notations thereon, read as follows:

\*       \*       \*       \*       \*       \*       \*

Application is hereby made for a review of the decision and judgment rendered by Associate Judge Sullivan, dated March 4, 1937, in Reappraisement No. 110259–A, 110260–A; Entry No. 633, 3524, on wire fish trap netting imported from Germany.

Respectfully submitted,

JOSEPH R. JACKSON,
*Assistant Attorney General,*
*Attorney for the United States, Appellant.*

Dated New York, N. Y., March 6, 1937.    Filed Mar. 8, 1937.    U. S. Customs Court.    J. W. Dale, Clerk.

To:
COLLECTOR OF CUSTOMS,
*Seattle, Washington.*
LAWRENCE & TUTTLE, ESQS.,
*500 Sansome St., San Francisco, Calif.*

On June 22, 1937, appellee filed in said Customs Court a motion to dismiss the Government's application for review on the ground that it was not filed within the time provided in said section 501 of the tariff act. Said motion to dismiss alleged that the decision of Judge Sullivan was filed with the collector at Seattle on March 8, 1937, and that it does not appear that said application for review was filed in the Customs Court after the receipt of Judge Sullivan's decision at

Seattle, but that, inferentially, the application being dated March 6, the application for review was filed on the morning of March 8, at which time Judge Sullivan's decision could not have been filed with the collector at Seattle, where the time is three hours behind that in New York. Said motion was supported by an affidavit of one Harlowe, who had examined the records in the Seattle customhouse with respect to the filing of said decision of Judge Sullivan.

The motion to dismiss was granted by the Second Division of the Customs Court upon the ground that it did not appear in the record that said application for review was filed within the time provided in section 501 for the filing of applications for review, the court holding that, if the application was filed with the Customs Court before Judge Sullivan's decision was filed with the collector at Seattle, the filing of the application for review was premature and conferred no jurisdiction upon the appellate division to review the decision of Judge Sullivan.

This decision was rendered on July 22, 1937. On August 3, 1937, the Government filed a motion for rehearing, based in part upon an affidavit of one Satz, who deposed that the Government's application for review of the decision of Judge Sullivan was filed in the Customs Court "some time after 10:00 A. M. on March 8th, 1937 * * *." This motion for rehearing was denied by the Second Division on August 23, 1937.

On August 27, 1937, the collector at Seattle liquidated both entries at the values found by Judge Sullivan in his decision on reappraisement.

On October 21, 1937, the Government filed in this court its petition for review of the decision of the Second Division dismissing the Government's application for review of the decision and judgment of Judge Sullivan hereinbefore referred to.

On February 8, 1938, appellee moved to dismiss the Government's appeal to this court upon the ground that the reappraisement questions involved in the appeal have become moot by reason of the liquidations of the entries by the collector at Seattle, hereinbefore referred to, which liquidations appellee contends had become final and conclusive prior to the filing of the Government's instant appeal to this court.

We will first consider appellee's motion to dismiss the appeal before us. It is the contention of appellee that said liquidations by the collector at Seattle were not void, but were merely voidable, for the reason that, when the liquidations were had, Judge Sullivan's decision was before the collector, the Government's application for review of the same by the appellate division of the Customs Court had been dismissed, and the Government had at that time taken no appeal to this court.

In the case of *Stubbs* v. *United States*, 7 Ct. Cust. Appls. 399, T. D. 36967, there was involved, as we view it, the identical question that is here involved. In that case the collector had taken a certain appeal to reappraisement. While the reappraisement was pending and undetermined, the collector liquidated the entry involved in such appeal. There, as here, it was contended that the liquidation was not void, but voidable only. In its opinion this court said:

We think, however, that the attempted liquidation in question was not simply voidable but that it was absolutely null and void. That is to say, the collector possessed no statutory power or authority at the time to make any liquidation or settlement of the duties accruing upon the merchandise in question. He was not merely inhibited from making a given kind of settlement at the time, but from making at that time any settlement at all. If the infirmity in the collector's action related only to the terms of the liquidation, such as the classification of the merchandise or the rate of duty applied thereto, such action would not be a mere nullity, however erroneous it might be. But in the present case when the collector undertook to liquidate the entry during the pendency of the appeal to reappraisement, his action was not simply a mistaken exercise of his official authority, but was an assumption of certain authority which the statute had wholly denied him under the circumstances. His action was consequently void, and neither the importer nor the Government was bound thereby.

See also *United States* v. *Kuyper & Co.*, 15 Ct. Cust. Appls. 4, T. D. 42129, and *United States* v. *American Express Co.*, 5 Ct. Cust. Appls. 351, T. D. 34550.

Appellee relies upon the case of *Beard* v. *Porter*, 124 U. S. 437, which was a case where the collector liquidated an entry and afterward proceeded to have the merchandise appraised by a local appraiser, and a reliquidation was had following the reappraisement. The foregoing facts clearly distinguish that case from the one at bar, for it clearly has no application to a case where an appeal to reappraisement has been taken before liquidation.

Appellee's counsel cites the cases of *Gallagher & Ascher* v. *United States*, 21 C. C. P. A. (Customs) 313, T. D. 46832, and *Spiegel Bros.* v. *United States*, 21 C. C. P. A. (Customs) 310, T. D. 46831. In neither of these cases had any appeal to reappraisement been taken, and appellee's counsel frankly concedes that there is a legal distinction between liquidations made after appeals to reappraisement are taken, which appeals are pending and undetermined, and liquidations at a time when there was merely a right of appeal which might never be exercised. It is contended, however, that at the time the liquidations here involved were made, there was nothing pending before the Customs Court, no appeal having been taken by the Government from said decision dismissing its application for review of the decision and judgment of Judge Sullivan.

Where an appeal to reappraisement is taken, the decision of the appraiser is suspended, pending the appeal. *United States* v. *Vandergrift & Co. et al.*, 16 Ct. Cust. Appls. 398, T. D. 43120.

At the time of the liquidations here involved, neither the original appraisement nor the reappraisement made by Judge Sullivan was before the collector for action thereon, because the importer's appeal to reappraisement was still pending before the Customs Court.

So long as the right of appeal existed to review the decision of the Second Division dismissing said application for review, the decision of said Second Division did not become final and conclusive, and neither can Judge Sullivan's decision become final and conclusive until the decision of the Second Division becomes final and conclusive. This the statute in express words prescribes, and no authority need be cited in support of this proposition. It necessarily follows that, until there was a decision upon appellee's appeal to reappraisement which had become final and conclusive, said appeal to reappraisement was pending; there was no final appraisement of the merchandise involved, and the collector had no jurisdiction whatever to liquidate the entries. Therefore his liquidations were null and void, not merely voidable, and the motion of appellee to dismiss the Government's appeal herein is denied.

We now come to a consideration of the merits of the appeal before us.

The only question is whether the Second Division of the Customs Court erred in dismissing the Government's application for review of the decision of Judge Sullivan upon the ground that said application was prematurely filed.

It is well established that statutes giving the right of appeal are liberally construed in furtherance of justice. Lewis' Sutherland Statutory Construction, section 717.

The decision and judgment of Judge Sullivan were entered in the Customs Court on March 4, 1937. The Government's application for review thereof was filed in that court on March 8, 1937.

Judge Sullivan's decision was received at the collector's office in Seattle on March 8, 1937. It does not affirmatively appear in the record that it was there received before said application for review was filed in the Customs Court in New York.

If the time of day of the respective filings of said decision with the collector in Seattle, and the application for review with the Customs Court in New York, is material, under the rule applicable to courts of limited jurisdiction, it must affirmatively appear in the record that the application for review was filed after the decision of Judge Sullivan was received by the collector in Seattle.

The Second Division, in its decision before us, held:

1. That when an act is to be done within a given number of days from a given day or date, or from the day or date of an act done, the general rule is to exclude the day of the date, citing *United States* v. *Hurlburt & Sons*, 11 Ct. Cust. Appls. 24, T. D. 38638, and many other cases; that, applying this rule to the question here involved,

the filing of the Government's application for review on March 8 was premature and of no effect; and that the earliest day on which said application could have been filed under the statute was March 9.

2. That, if it should be held that the day, or any part thereof, of the filing of the decision with the collector should be included within the thirty days within which an application for review may be filed, then the record does not affirmatively establish that said application for review was filed in the Customs Court after the decision of Judge Sullivan was filed with the collector.

With the general rules of law declared by the Second Division in its decision we are in full accord, but we differ from it with regard to the applicability of the general rule respecting the exclusion of the day, or the date of the act done, in construing a statute of limitation. While the general rule is as declared by the Customs Court, it is not applicable where such construction, applied to a given state of facts, would be clearly contrary to the legislative intent. *United States* v. *Hurlburt & Sons, supra.*

In the case last cited it was held that, for the purpose of computing the time in which a collector could liquidate an entry, the date of the entry should be excluded from the computation, thus giving effect to the legislative purpose. This case is strongly relied upon by appellee, in the case at bar, but there is not the slightest intimation in that opinion that the collector was not authorized to liquidate the entry upon the date it was made, if a final appraisement had been made.

It should be observed that here the application for review involved a decision and judgment of Judge Sullivan, dated March 4, 1937, and it is conceded that said decision and judgment were entered in the Customs Court in New York on said date.

It is, of course, well established that an appeal filed before entry of the judgment sought to be appealed from is premature and void.

Rule 27 of the rules of the United States Customs Court provides, in part, as follows:

### 27. OPINIONS AND JUDGMENTS

All opinions and judgments rendered by a judge of this court sitting in reappraisement, and all decisions and judgments concurred in by a majority of the judges when functioning as a division, and all dissenting opinions, shall be dated and filed by the clerk in appropriate book or books kept for that purpose, and shall be indexed and preserved as a part of the permanent records of this court. The date of such filing shall be deemed to be the date of rendition and promulgation of such decision and judgment.

\*       \* .       \*       \*       \*       \*       \*

Therefore it is established that Judge Sullivan's decision and judgment were rendered and promulgated on March 4, 1937, and the cases cited and relied upon by appellee, which involved appeals taken before judgment was entered, have no application to the case at bar.

The thirty-day provision of section 501, within which period an application for review of a decision may be filed, is primarily a statute of limitations, its object being to fix a time beyond which the decision should become final and conclusive upon all parties unless, prior to the expiration of such time, an application for review is filed.

The filing of a copy of the decision with the collector functions for two purposes—first, to apprise the collector, and indirectly the importer, of the rendering of the decision by the Customs Court, and, secondly, the fixing of a time upon the expiration of which an application for review may not be made.

When the Tariff Act of 1930, of which section 501 is a part, was enacted, the collector or other person authorized by the Secretary of the Treasury might file an application for review. Since the Executive Order of the President, dated June 10, 1933 (No. 6166), effective sixty-one days thereafter, the authority to file an application for review is vested only in the Department of Justice. *United States* v. *Paramount Publix Corp.*, 22 C. C. P. A. (Customs) 272, T. D. 47328.

While, in determining the last date upon which an application for review may be filed, the date of the receipt of the decision by the collector must be excluded, it would be most unreasonable to conclude that the collector, prior to the date of said Executive Order, was not authorized to file an application for review immediately upon receipt by him of the copy of the decision and judgment. Why should he be required to wait one day before doing so? What legislative purpose could be served by such a construction of section 501? Certainly the importer could not be prejudiced by construing the statute as permitting an application for review to be filed at any time between the promulgation of the decision and judgment of the Customs Court and the expiration of thirty days after the receipt of the decision by the collector.

We have found only one case bearing directly upon this question. The Supreme Court of California, in the case of *Tyrrell* v. *Baldwin et al.*, 72 Cal. 192, 13 P. 475, had before it a similar question. In that case the statute provided that an appeal from a final judgment might be taken within one year "after the entry of judgment." An appeal was there taken upon the same day that the judgment was entered. A motion to dismiss the appeal as premature was denied.

A review of some of the limitations in the Tariff Act of 1930 will disclose how seriously the holding appealed from would affect the administration of that act.

The first paragraph of section 501 provides that an appeal to reappraisement may be taken "within sixty days after the date of the appraiser's report." The rule declared by the Second Division would

bar an appeal by the collector to reappraisement taken on the same day that the appraiser's report was filed. The paragraph also provides that an importer may appeal within thirty days after notice to him of the appraisement. Under the ruling before us, an importer could not appeal to reappraisement either before such notice was received or upon the same day that such notice was personally delivered to him or mailed to him.

Under section 514 of the tariff act, a protest may be filed "within sixty days after, but not before" liquidation by the collector. Does this language bar an importer from filing a protest upon the same day that his entry is liquidated?

Section 515 provides that "Upon the filing of such protest the collector shall within ninety days thereafter review his decision * * *." Should it be held that he may not review his decision upon the same day that the protest is received by him?

Section 518, relating to the Customs Court, provides:

* * * A division of the court deciding a case or a single judge deciding an appeal for a reappraisement may, upon the motion of either party made within thirty days next after such decision, grant a rehearing or retrial of such case when in the opinion of such division or single judge the ends of justice so require.

Would that court hold that a motion for rehearing may not be filed on the same day that a decision is rendered?

Section 198 of the Judicial Code provides that appeals from decisions of the United States Customs Court may be had to this court by application filed in this court "within sixty days next after the entry of such decree or judgment, and not afterwards." Under the holding of the Customs Court here under consideration, an appeal would be invalid if application therefor was filed on the same day, but after the entry, of the judgment from which an appeal is sought.

It is our view that, in the various limitations with respect to appeals and applications for review, Congress did not intend that no action could be taken before the period of limitation had commenced, if in all other respects the same conditions existed before the commencement of such period as were present during the period of limitation.

In our opinion, when a decision or judgment is rendered by the Customs Court and duly promulgated, and an appeal or application for review thereof is permitted by statute, such application or appeal may be taken at any time between the promulgation of such decision or judgment by the Customs Court and the expiration of the time permitted by the statute for the filing of such application for review or appeal.

No possible legislative purpose could be served in requiring the Government or the importer to wait until a decision had been filed with the collector before it or he might file an application for review,

and it is not reasonable to suppose that Congress ever intended any such limitation upon the right of review provided for by section 501.

In view of our conclusion, it is unnecessary to consider other questions raised by the parties hereto.

For the reasons stated herein, the decision of the United States Customs Court, Second Division, is *reversed*, and the cause is *remanded* for hearing of the Government's application for review upon its merits