BEFORE THE FIRST DIVISION, SEPTEMBER 26, 1945

**No. 50515.**—Protest 35953–K (A) of F. B. Vandegrift & Co. (New York).

OLIVER, Presiding Judge: This protest, as amended, is against the assessment of duty at the rate of 60 percent ad valorem under paragraph 218 (f), Tariff Act of 1930, on blown glass tableware imported from France. Plaintiff claims the merchandise properly dutiable at only 50 percent ad valorem under the same paragraph by virtue of the trade agreement with Czechoslovakia (T. D. 49458).

The only question in this case is whether the rates of duty under the trade agreement were still in effect on the date of entry, April 22, 1939.

The agreement became effective pursuant to proclamations of the President issued on March 15 and April 15, 1938 (T. D. 49458 and T. D. 49512). These proclamations were terminated by a further proclamation of March 23, 1939 (T. D. 49824), the pertinent part of which reads:

Now, THEREFORE, be it known that I, Franklin D. Roosevelt, President of the United States of America, acting under the authority conferred by the said Tariff Act of 1930, as amended by the said Act of June 12, 1934, as extended by the said Joint Resolution of March 1, 1937, do hereby proclaim that my Proclamations of March 15, 1938, and April 15, 1938, shall be terminated in whole on the thirtieth day after the date of this my Proclamation.

Following the generally well-recognized rule for computing time from or after a certain day, or a given date, by excluding the first day (*United States* v. *Hurlburt & Sons*, 11 Ct. Cust. Appls. 24, T. D. 38638, and authorities cited therein), the thirtieth day after the date of the proclamation of March 23, 1939, is April 22. On that day the rates of duty under the trade agreement were terminated.

Plaintiff argues that a thing which terminates or ends on a certain day is in existence on that day; that the last day cannot be divided; hence, the rates of duty under the agreement were in effect on the entire business day of April 22, 1939.

In *Arnold* v. *United States*, 9 Cranch 104, the Supreme Court was called upon to determine whether merchandise imported on July 1, 1812, should pay duty

under an act passed on that date, which, by its provisions, was to take effect from and after its passage. It was contended that it did not take effect until July 2. In the course of a decision adverse to that contention, Justice Story said:

\* \* \* We cannot yield assent to this construction. The statute was to take effect from its passage; and it is a general rule that where the computation is to be made from an act done, the day on which the act is done is to be included.

In *United States* v. *Hurlburt, supra,* our appellate court stated:

In the foregoing [*Arnold*] case, however, there was only one point of time which was involved and that was the time when the act became effective. There was no provision in it for any period of suspension or limitation, nor was there any terminus a quo, nor any relevant calculation to be made in order to give effect to the legislative intention. The cases are therefore. clearly distinguishable \* \* \*.

By the same token, the termination of the proclamations of March 15 and April 15, 1938, by the proclamation of March 23, 1939, was a positive act or thing to be done or given effect on a certain date [April 22, 1939]; and, a day usually not being divisible in a legal sense, this proclamation terminating the rates of duty under the agreement was effective during the entire day, and it necessarily follows that the rates of duty under the trade agreement were not in force on that date.

Since the rates of duty under the trade agreement with Czechoslovakia were not in effect on April 22, 1939, the reduced rate under the trade agreement is not applicable to the merchandise at bar. The protest is therefore overruled and the classification by the collector affirmed.

Judgment will issue accordingly.