[Civ. No. 13873.   First Dist., Div. Two.   July 2, 1948.]

PAUL J. WOOTEN, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Russell P. Studebaker for Petitioner.

Dannenbrink & Graves for Respondent.

NOURSE, P. J.—Petitioner seeks a writ of mandate to require the superior court to set for trial a cause appealed after trial in the justice's court.

Following an adverse judgment entered in the justice's court on April 1, 1947, petitioner herein, on April 28, 1947, gave notice of appeal to the superior court, paid the required fees, and filed the required undertaking. On May 17, 1947, the justice's court filed with the clerk of the superior court all papers and documents filed in the action, except petitioner's notice of the undertaking filed. Such notice was filed with the clerk of the superior court on June 11, 1947.

On May 26, 1948, petitioner requested the superior court to set said appeal for hearing. The request was denied and on

May 28, 1948, the superior court dismissed the appeal under the provisions of section 981a of the Code of Civil Procedure, which provides that when the cause has not been brought to trial within one year "from the date of filing such appeal" the superior court "must" dismiss the appeal either on its own motion or on motion of any party interested therein.

Petitioner takes the position that because he failed to procure the filing of his notice of filing of the undertaking at the same time the other documents were filed by the justice of the peace the "date of filing such appeal" must be fixed as of June 11, 1947, when such notice was filed with the county clerk.

█ This position is not sound. Section 977, Code of Civil Procedure, specifies the documents required to be filed for the purpose of an appeal to the superior court. The undertaking is made a part of this record, but the section does not require the justice to file appellant's notice of the filing of the undertaking. Such notice therefore is not a part of the record on appeal and failure to file it does not toll the running of the time for trial set in section 981a. This is the rule of *Stewart* v. *Superior Court*, 29 Cal.2d 63 [172 P.2d 683], where (p. 65) the court said: "the requirement for service of written notice of the filing of the undertaking and its identification with the respondent's right to except to the sufficiency of the sureties do not make such service a jurisdictional prerequisite. No fixed time limit is prescribed for making such service and it will not be interpolated contrary to legislative provision. (*Golden Gate Tile Co.* v. *Superior Court*, 159 Cal. 474, 483 [114 P. 978].) Instead of becoming a step in perfecting the appeal, service of the specified notice appears still to remain a part of the collateral proceeding regulating the justification of the sureties. It serves to bring home to the respondent the knowledge that the appeal is already perfected. . . ."

The same conclusion was reached in *Rossi* v. *Superior Court*, 7 Cal.App.2d 91 [45 P.2d 376, 46 P.2d 1019], where the record on appeal had been returned to the justice's court by stipulation for certain changes. The District Court of Appeal held that this circumstance "does not serve to extend the time within which the case must be tried by the superior court, nor does that procedure modify the mandatory provisions of the statute above referred to."

The alternative writ is discharged and the petition is denied.

Goodell, J., and Dooling, J., concurred.