[Civ. No. 1244.   Second Appellate District.—December 14, 1912.]

J. H. JACKSON, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES, (Curtis D. Wilbur, Judge) Respondent.

JOINT ACTION IN JUSTICES' COURT FOR SERVICES—APPEAL—REFUSAL TO DISMISS—FAILURE. TO SERVE CODEFENDANT—ABSENCE OF JUDGMENT—CERTIORARI.—Where there was a joint action in the justices' court for services, and upon appeal to the superior court there, was a motion to dismiss the appeal on the ground that the codefendant had not been served with the notice of the appeal, which was denied, the order refusing to dismiss such appeal, will not be annulled upon *certiorari,* where it appears that no judgment had been rendered against such codefendant.

APPEAL—NOTICE LIMITED TO "ADVERSE PARTY"—NATURE OF "ADVERSE PARTY."—Upon appeal the service of the notice is only required to be made upon an "adverse party" who is such within the mean-

ing of section 940 of the Code of Civil Procedure, which is one "whose interest in the subject matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken."

PROCEEDING in Certiorari to review an order of the Superior Court of Los Angeles County refusing to dismiss an appeal from a justice's court.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

George E. Cryer, for Petitioner.

B. M. Marble, for Respondent.

JAMES, J.—Original proceeding in *certiorari* to review an order of the superior court refusing to dismiss an appeal taken from a justice's court.

Petitioner here was the plaintiff in an action commenced in the justices' court against Lewis Rees and the Kline Invalid Bed Company, which action was for labor done at the alleged request of defendants of the alleged agreed value of $67.50.   The defendants therein answered separately, and after trial had the justice rendered judgment in favor of plaintiff against the defendant Rees only.   Rees gave notice of appeal and filed an undertaking on appeal.   His notice of appeal he served upon the plaintiff only, and because such notice was not also served upon Rees's codefendant, petitioner here moved in the superior court to dismiss Rees's appeal on the ground that he had not served all of the adverse parties. This the superior court declined to do.   If after judgment had been rendered in its favor the codefendant with Rees continued to be an adverse party, then, of course, in order to make his appeal effectual Rees should have served his notice of appeal upon his codefendant.   It is said in *Bell* v. *San Francisco Savings Union,* 153 Cal. 64, [94 Pac. 225], that "an 'adverse party,' within the meaning of section 940 of the Code of Civil Procedure, is one 'whose interest in the subject matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken.' (*Senter* v. *Bernal,* 38 Cal. 637.)   If a judgment may be modified in any manner favorable to appel-

lant without injuriously affecting the interest of the party not served, the appeal will not be dismissed.'' It is correct to say in a general way that in all of those cases where it has been held that a codefendant must be served by the party appealing, the subject matter of the action was such that any change worked by the appeal would affect the interest of such codefendant—such as in actions of partition, foreclosure of mortgages, *et cetera.* In the matter here considered the justices' court determined by its judgment that there was no liability against the Kline Invalid Bed Company for any part of the amount of money claimed by plaintiff, this petitioner, but that defendant Rees was there liable for the full amount. Upon a retrial of the action in the superior court, if a judgment was there rendered as affecting Rees different from that made by the justice, the liability or interest of the Kline Invalid Bed Company would be in no wise affected. On the other hand, if the plaintiff in the justice court action was dissatisfied because he had not secured judgment against Rees's codefendant, he possessed the same right to appeal as did Rees. Clearly the Kline Invalid Bed Company was not an adverse party such as to require that notice of appeal be served upon it.

For the reasons stated, it is made to appear that the superior court has not exceeded its jurisdiction in refusing to make the order dismissing the appeal as asked for, and its order denying the motion is affirmed.

Allen, P. J., and Shaw, J., concurred.