[Civ. No. 10843. First Appellate District, Division Two.—July 1, 1938.]

ROBERT L. MARR, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

J. Bruce Fratis for Petitioner.

Hubbard & Hubbard and Charles A. Cogswell for Respondents.

NOURSE, P. J.—In response to an alternative writ of mandate the respondent appeared by demurrer, motion to quash and by answer. No proof was offered upon any of the allegations of the answer, and the order to show cause was submitted on these two issues—whether the service of notice of appeal upon the wife of petitioner was necessary, and whether the lapse of time caused by respondent's refusal to set the appeal for hearing would make a writ of mandate futile.

The agreed facts are that an action was filed in the justice's court against Robert L. Marr and his wife to recover on a promissory note executed by both defendants. The wife consented that judgment be taken against her, but whether the offer was fully accepted is disputed. Separate judgments were entered against both defendants in identical amounts. Robert Marr alone filed notice of appeal from the judgment adverse to him, but did not serve a copy on his wife. In due time Marr made a motion in superior court to set the cause for trial. The motion was denied. Respondent defends the denial upon the sole ground that the appeal was defective because notice was not served upon the wife.

■ Section 974 of the Code of Civil Procedure provides that "Any party dissatisfied with the judgment . . . may appeal . . . The appeal is taken by filing a notice . . . and serving a copy on *the adverse* party."

An "adverse party", within the meaning of this section, has been defined as one "whose interest in the subject matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken". (*Senter* v. *De Bernal*, 38 Cal. 637, 640.) In the early case of *Thompson* v. *Ellsworth*, 1 Barb. Ch. R. 624, 627, the New York court, in interpreting the New York statute upon which our code section is based, said that the term "adverse party" referred to one "whose interest in relation to the subject of the appeal is in *conflict with the reversal* of the order or decree appealed from". Our courts have uniformly held to this definition. (See *Randall* v. *Hunter*, 69 Cal. 80 [10 Pac. 130] ; *Bell* v. *San Francisco Savings Union*, 153 Cal. 64 [94 Pac. 225] ; *Jackson* v. *Superior Court*, 20 Cal. App. 638 [129 Pac. 946]; *MacDonald* v. *Superior Court*, 101 Cal. App. 423, 424 [281 Pac. 672].) In the MacDonald case it was said that the question is whether the judgment gives the party something which will be taken away by a reversal. If it does so, he is an adverse party. It may be added that, if it does not do so, he is not an adverse party.

■ Here Mrs. Marr was given nothing by the judgment. All that the plaintiff prayed against her was granted. If the judgment is affirmed her position is unchanged. If it is reversed or modified she could not be prejudiced in any particular. No appeal was taken from the judgment against her; it is a final determination of her liability; and it is beyond the power of the respondent court to alter that liability in any way. Her rights and liabilities both will be unaffected by an affirmance of the judgment against her husband. Her interests might be affected indirectly by a reversal which would relieve her husband from these liabilities and thus enhance the community assets. But this would be because she is a party in concord with, rather than one adverse to, the appellant. Hence, whether the judgment against her husband be affirmed or reversed, she is in no sense an "adverse" party to him on that appeal.

Respondent urges that the writ should not issue because, pending the hearing of this application, the year has expired within which the appeal should be heard. Section 981a of the Code of Civil Procedure requires the superior court to dismiss an appeal "where the appealing party fails to bring such appeal to trial within one year from the date of filing". It was said in *Christin* v. *Superior Court*, 9 Cal. (2d) 526, 532 [71 Pac. (2d) 205, 112 A. L. R. 1153], that the purpose of a similar statute was "to prevent *avoidable* delay for too long a period". The statute does not sanction a penalty on the innocent party for delay which renders it impossible, impracticable, or futile to proceed. *Kinard* v. *Jordan*, 175 Cal. 13 [164 Pac. 894], and *Estate of Morrison*, 125 Cal. App. 504 [14 Pac. (2d) 102], approve the same principle.

The demurrer is overruled and the motion to quash is denied. Let a peremptory writ issue as prayed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 30, 1938.