[Civ. No. 4396.   Fourth Dist.   May 26, 1952.]

ROBERT THOMAS SANFORD, Petitioner, v. SUPERIOR COURT OF KERN COUNTY, Respondent.

T. R. Claflin for Petitioner.

Walter F. Keen and James S. Reese for Respondent.

BARNARD, P. J.—This is a petition for a writ of mandamus to compel the Superior Court of Kern County to dismiss an appeal from a justice's court, based upon section 981a of the Code of Civil Procedure.

The petitioner obtained a judgment in the Justice's Court of the Third Township, County of Kern, in an action for damages arising out of an automobile collision. The defendant's appeal from that judgment, on questions of law and fact, was filed in the superior court on March 7, 1951. A memorandum to set for trial was filed on October 9, 1951, pursuant to rule 6 of the Superior Court Rules, in which it was stated that the nature of the action ''is tort negligence-auto,'' that a jury was not demanded, and that the estimated time for trial was two hours. The memorandum said nothing about this being an appeal, and no motion to advance or for a special setting was ever made.

On January 15, 1952, the attorney for the defendant wrote to the county clerk asking whether or not the case had been set for trial. On January 18, 1952, he received a reply stating that the matter would be placed on the civil active list to be set in turn for trial; that the matter would come up in March; and that possibly the case would be heard ''in late Spring.'' On March 11, 1952, the attorney for this petitioner filed a motion to dismiss the appeal, based on section 981a of the Code of Civil Procedure. The motion was heard and denied on March 31, 1952, it being further ordered that the cause be set for trial within 60 days.

In answer to this petition for a writ it is contended that the defendant owed no further duty since it sufficiently appeared from the papers in the clerk's office that this was an appeal from a justice's court; that in view of the increase in litigation in recent years the delay here was unavoidable; that this case comes within the exceptions recognized

in the more recent cases; and that the trial court was justified in finding that it was impossible for the defendant to bring the matter to a hearing within the required time.

Section 981a provides that such an action must be dismissed where the appealing party fails to bring it to trial within one year, unless such time is extended by written stipulation filed in court. This provision is mandatory, and deprives the superior court of jurisdiction to try the cause unless facts appear which bring it within one of the recognized exceptions. (*Emerson* v. *Superior Court*, 7 Cal.2d 685 [62 P.2d 363]; *Rossi* v. *Superior Court*, 7 Cal.App.2d 91 [45 P.2d 376, 46 P.2d 1019].) The purpose of the statute is to prevent avoidable delay. The exceptions which have been applied arise only where the appealing party is unable, *from causes beyond his control,* to bring the cause to trial within the statutory time. (*Christin* v. *Superior Court*, 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Marr* v. *Superior Court*, 27 Cal.App.2d 393 [80 P.2d 1005].)

In this case nothing was done for seven months after the appeal was filed in the superior court, when a memorandum to set was filed. Nothing was done thereafter, although the clerk's letter gave adequate warning that, if the ordinary routine were followed, the case would not be tried within the time limit. Under rule 12 of the Superior Court Rules provision is made for advancing or specially setting a case for trial, which was obviously intended to cover cases where some reason exists for so doing. Although this procedure was available at all times, the appealing party failed to make such a request. After a long delay in filing the ordinary memorandum to set, he let the rest of the time expire without calling the urgency to the attention of the court or taking any steps whatever to bring the matter to a hearing within the required time. There is no showing that it was impossible for him to bring the matter to a hearing within that time, or that he was prevented from doing so by causes beyond his control, and the facts do not bring him within the exceptions relied on.

. It is ordered that a peremptory writ of mandamus issue directing the respondent court to dismiss the action.

Griffin, J., and Mussell, J., concurred.