[Civ. No. 19622.   First Dist., Div. Two.   Dec. 19, 1960.]

COUNTY OF ALAMEDA, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents; THOMAS AVERY, Real Party in Interest.

J. F. Coakley, District Attorney, and William S. Coit, Deputy District Attorney, for Petitioner.

No appearance for Respondents.

Edises, Treuhaft, Grossman & Grogan and Robert E. Treuhaft for Real Party in Interest.

DRAPER, J.—Does the 1959 amendment govern the time within which an action must be tried anew in the superior court after appeal from judgment in the small claims court? That is the question presented by this proceeding in mandamus.

Judgment in the small claims court was entered in favor of petitioner county and against the real party in interest for $145. Defendant's appeal in that action was filed in the superior court on May 18, 1959. The action not having been brought to trial, petitioner on September 22, 1960, moved in the superior court to dismiss the appeal. The motion was denied September 29, 1960. On petition by the county, we issued alternative writ of mandate.

Concededly, no showing of lack of diligence by appellant-real party in interest was made.

At the time the appeal was taken, and until Sep-

tember 18, 1959, the effective date of the Statutes of 1959, the code provided that such an appeal should be dismissed when not brought to trial within one year if ''the delay in bringing said appeal to trial . . . was occasioned by lack of reasonable diligence on the part of the appealing party'' (Code Civ. Proc., § 981a, made applicable to small claims court appeals by Code Civ. Proc., § 117j). In 1959, section 117jj was added (Stats. 1959, ch. 342, p. 2266, § 1). It provides that such an appeal ''must be dismissed . . . where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal in said superior court.''

It is not questioned that this section, considered alone, restores the rule which existed until 1953 (Code Civ. Proc., § 981a, as amended by Stats. 1937, ch. 515, p. 1503). Under the section as it stood before the 1953 amendment, dismissal was mandatory after the expiration of one year from filing of the appeal (*Emerson* v. *Superior Court,* 7 Cal.2d 685 [62 P.2d 363]; *Sanford* v. *Superior Court,* 111 Cal.App.2d 311 [244 P.2d 463]). If only section 117jj were here involved it would seem clear that the effect of adding this section in 1959 was to return to the pre-1953 rule making dismissal mandatory.

Real party in interest, however, relies upon another section added in 1959 (Code Civ. Proc., § 117n), which provides that on an appeal from a small claims court judgment ''the clerk of the superior court, under supervision of the presiding judge, shall set the time and place of trial,'' and shall give notice thereof. This, it is argued, relieves one appealing from a small claims court judgment of all duty to exercise diligence, and transfers to the clerk and the presiding judge alone the duty to bring the case to trial within one year.

We cannot agree. The construction urged by real party in interest would nullify section 117jj, and would continue the statutory requirement that a respondent must show lack of diligence on the part of appellant to warrant dismissal. But, as pointed out above, the obvious purpose of the 1959 amendment was to return to the rule of 1953 and earlier. The burden is on the appellant to show that he has been unable, from causes beyond his control, to bring the case to trial within the one year period (see *Sanford* v. *Superior Court, supra*).

Real party in interest poses a hypothetical case in which court or clerk refuses to set trial within one year ''despite the most diligent and persistent efforts of appellant's counsel.'' Of course, in such a situation, it might well be held that causes beyond appellant's control prevented bringing of the

case to trial. But the burden of such showing would be upon appellant. Since he suggests nothing of the sort in this case, the issue is not before us.

Even though the administrative duty to set time of trial is placed upon clerk and judge, ample means of bringing the case to early trial are available to appellant. He may move to advance or specially set (Rules for the Superior Courts, rule 12) or he may call to the attention of court or clerk the provision of section 117n and of rules 9 and 9.5. At most, section 117n may abrogate, for this class of case, the court rule requiring filing of a memorandum to set (rule 6).

One question remains. Does application of the statute (Code Civ. Proc., § 117jj) which became effective after the appeal was taken deprive real party in interest of due process? Statutes fixing requirements of diligence in bringing an appeal on for hearing are procedural in nature (*Rossi* v. *Superior Court,* 7 Cal.App.2d 91, 94 [45 P.2d 376, 46 P.2d 1019]). In general, legislation limiting time for performance of a procedural act is not unconstitutional if adequate means of enforcing the remedy remain (*Kline* v. *San Francisco U. School Dist.,* 40 Cal.App.2d 174, 176-177 [104 P.2d 661, 105 P.2d 362] ; see also *Scheas* v. *Robertson,* 38 Cal.2d 119, 125-126 [238 P.2d 982]). Here section 117jj became effective four months after filing of the appeal in the superior court. Thus eight months remained for the appellant to bring the case on to trial. This period was ample if any diligence were exercised.

We conclude that granting of petitioner's motion to dismiss was mandatory.

Let peremptory writ of mandate issue directing dismissal of the appeal.

Kaufman, P. J., and Shoemaker, J., concurred.