[Civ. No. 66382. Second Dist., Div. Two. May 11, 1983.]

CENTRAL MUTUAL INSURANCE COMPANY et al.,
Plaintiffs and Appellants, v.
EXECUTIVE MOTOR HOME SALES, INC., et al.,
Defendants and Respondents.

**COUNSEL**

Cushman & Grover and Melvin B. Grover for Plaintiffs and Appellants.

Fernandes & Le Berthon, Edward L. Le Berthon, Andrew E. Levinson, Anderson, McPharlin & Conners, Eric N. Winter, Clinnin, Siracuse & Belcher and Darryl L. Dmytriw for Defendants and Respondents.

**OPINION**

**BEACH, J.—**

NATURE OF APPEAL:

Plaintiffs appeal from dismissal of action for failure to bring the case to trial within five years. (Code Civ. Proc., § 583, subd. (b).) We affirm.

CHRONOLOGICAL EVENTS:

On August 20, 1976, individual plaintiffs joined by several insurance companies as plaintiffs filed an action against defendants for loss incurred by fire of

a mobilehome. On April 22, 1981, a trial setting conference was held. The matter by court order was set for trial to be held on October 7, 1981, and a mandatory settlement conference was scheduled for September 16, 1981. No significant procedural steps or matters relevant to the issue at bench had occurred between the filing of the complaint and the trial setting conference.

On August 20, 1981, the five-year statute of limitations expired and within the next five days all defendants moved for dismissal pursuant to Code of Civil Procedure section 583, subdivision (b). On September 9, 1981, the motions were heard and the action was dismissed.

Between the date of the trial setting conference on April 22, 1981, and the end of the five-year period on August 20, 1981, no particularly significant activity was taken by either side other than to exchange a list of expert witnesses as follows: In May 1981 one of the defendants demanded from other codefendants a list of expert witnesses. On June 2, 1981, plaintiff demanded a list of expert witnesses from all other parties and on June 2, 1981, plaintiff provided one of the defendants a list of expert witnesses. On August 18, 1981, one defendant filed a list of expert witnesses in answer to an earlier demand.

DISCUSSION:

Code of Civil Procedure section 583, subdivision (b)[1] provides that an action which is not brought to trial within five years after the plaintiff has filed his action "shall be dismissed." On the other hand, subdivision (f)(2) of Code of Civil Procedure section 581a provides exceptions to the three-year dismissal rule "[w]here it would be impossible, impracticable, or futile to comply due to causes beyond a party's control." ■ These statutory exceptions have by judicial fiat been extended to cases under the five-year mandatory dismissal rule of section 583, subdivision (b). (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 722 [170 Cal.Rptr. 790, 621 P.2d 829]; *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 741 [329 P.2d 489].)

In the matter before us, we are not dealing with a case of balancing the equities in the exercise of discretion *after* proof of impossibility, impracticability or futility. ■ The question here is simply: "Did plaintiffs establish proof in the first instance of impossibility, impracticability or futility of bringing the case to trial within the five-year period?" The answer clearly is "no."

---

[1]The section appears to have been written with an intentional omission of excuses such as listed in section 581a in light of the express wording in the latter section and the wording of the immediately preceding subdivision of section 583 (§ 583, subd. (a)) relating to the two-year dismissals for want of prosecution and which gives the trial court discretion to dismiss in such cases.

At bench the position of plaintiffs is essentially that inasmuch as the clerk of the court fixed the trial date, it was incumbent upon plaintiffs to go along with that order. Plaintiffs observe that they had not made any requests for continuances in the past, that they had in no way been uncooperative, and that defendants had failed to show they had been prejudiced by having the trial date set beyond the five-year period. These contentions are unavailing.

■ The duty is on the plaintiff to obtain a trial within the time required by section 583, subdivision (b). A plaintiff may not avoid the operation of the statute by simply saying he acquiesced in the trial date set by the court or clerk beyond five years from the commencement of the action. (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540 [105 Cal.Rptr. 339, 503 P.2d 1347] (disapproved on another point in *Hocharian* v. *Superior Court, supra,* 28 Cal.3d 714, 722); *State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650]; *Taylor* v. *Schultz* (1978) 78 Cal.App.3d 192 [144 Cal.Rptr. 114]; *Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972 [133 Cal.Rptr. 486]; *Wright* v. *Groom Trucking Co.* (1962) 206 Cal.App.2d 485 [24 Cal.Rptr. 80].)

A plaintiff who has been given a trial date beyond the five-year period may move to advance the case for trial under California Rules of Court, rule 225. Even if there were no such rule, a plaintiff could still make a motion to ensure he is doing everything he can to avoid dismissal. To avoid the problems of unavailable courtroom and/or unavailable time for lengthy trial, use of the "trial-started" fiction is available. (*Hartman* v. *Santamarina* (1982) 30 Cal.3d 762 [180 Cal.Rptr. 337, 639 P.2d 797].) By this device counsel may at least get one day of trial or whatever short period of time it may take to obtain a jury, put on one witness and then continue the trial to a future date when time and space will be available.

■ "In applying any of [the exceptions of impossibility, impracticability or futility] to a given factual situation, the critical question is whether a plaintiff used reasonable diligence in prosecuting his or her case. The particular factual context or cause of the noncompliance should not be determinative; rather, the primary concern must be the nature of the plaintiff's conduct." (*Hocharian* v. *Superior Court, supra,* 28 Cal.3d 714, 722.)

■ The record is clear that plaintiffs did not in any way demonstrate to the trial court any impossibility, impracticability or futility. Thus, section 583, subdivision (b) automatically applies and that simply ends the matter. Nonetheless, we feel it appropriate to discuss briefly some of the other contentions which plaintiffs raise as excusing their inaction to bring the matter to trial or as excusing the application of the express language of the statute.

Plaintiffs contend that because it was the clerk of the court who set the date of trial, they were under no duty to object to such obviously prospective post mortem date. This is another variation on the defense theme that official duty will be done or has been done and that reliance thereon excuses a plaintiff. This idea has been rejected in similar cases. (*Swartzman* v. *Superior Court* (1964) 231 Cal.App.2d 195 [41 Cal.Rptr. 721]; *County of Alameda* v. *Superior Court* (1960) 187 Cal.App.2d 502 [10 Cal.Rptr. 84]; *Lewis* v. *Greenspun* (1958) 160 Cal.App.2d 711 [325 P.2d 551]; *Sanford* v. *Superior Court* (1952) 111 Cal.App.2d 311 [244 P.2d 463].) More importantly, plaintiffs do not explain how a clerk of the court may by his choice change an express mandate of a statute.

The presence of defendant's counsel at the trial setting conference does not constitute a waiver of the requirements of section 583, subdivision (b). Mere attendance cannot be converted into an implied agreement to waive the statute. The statute itself expressly requires a written waiver. There was no written waiver here and there is no evidence that defense counsel did or said anything to lead plaintiffs to believe that there was an agreement to waive the statute.

There is no conduct on the part of defendants to estop them from asserting their right to dismissal under section 583, subdivision (b). The routine handling of the case by defendants after the trial-setting conference, including the demands for the exchange of lists of expert witnesses, in no way creates an estoppel nor an exclusion of time from the computation of the five-year period. (*Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d 540, 548; *Wright* v. *Groom Trucking Co., supra,* 206 Cal.App.2d 485, 495-496.)

In Code of Civil Procedure section 583, subdivision (b) cases, lack of prejudice to defendants is not the initially determined criterion. The burden is on plaintiffs to first establish in the trial court, by clear and convincing proof, the existence of either impossibility, impracticability or futility of bringing the matter to trial within five years. Absent such a showing, the five-year statute applies without any further consideration or determination of prejudice.

The judgment is affirmed.

Compton, Acting P. J., and Gates, J., concurred.