Filed 11/13/25  Mukai v. Chima CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| LISA MUKAI, as Trustee, etc., | |
| Plaintiff and Appellant, | C101362 |
| v. | (Super. Ct. No. CVCS-14-0001361) |
| REBECCA LYNN CHIMA et al., | |
| Defendants and Respondents. | |

This action arises from disputes over encumbrances on, and transfers of title to, certain real property located in Yuba County (the property).  On July 24, 2014, Lisa Mukai (Lisa),[1] as trustee of the Chima Childrens Trust, sued Winning Hit, LLC, Rebecca Lynn Chima also known as Rebecca Lynn Singh (Rebecca), and Ralie G. Singh (Ralie) and Stella M. Singh (Stella), individually and as trustees of the Ralie G. Singh and Stella M. Singh 1998 Family Revocable Trust, asserting various causes of action.  The complaint sought damages for allegedly improper transfers of title to the property executed by Rebecca and to dissolve and distribute the assets of Winning Hit, LLC.

Over nine and a half years later, and after Ralie's death, Rebecca and Stella filed a motion to dismiss Lisa's action under Code of Civil Procedure sections 583.310 and

---

[1] With the exception of the LLC, we will refer to the parties by their first names for clarity.

1

583.360, asserting a failure to bring the action to trial within five years.[2] Lisa appeals from the order granting the motion to dismiss.

Lisa contends (1) defendants agreed to waive their right to dismiss the action under section 583.310 in a stipulation filed on October 15, 2021; (2) the trial court miscalculated the tolling period for defendants' appeals; (3) Judicial Council emergency rule 10(a) extended the section 583.310 period by six months; (4) the time for bringing the action to trial was tolled 357 days because courtrooms were unavailable from September 21, 2021, to September 13, 2022; (5) the time for bringing the action to trial was tolled 176 days because Lisa's attorneys were engaged in trial in another case; and (6) defendants were estopped from seeking dismissal of the action because, at the December 18, 2023 trial-setting conference, their counsel selected a trial date beyond the extended five-year period.

We conclude (1) the stipulation filed on October 15, 2021, was not an open waiver granting Lisa an unlimited time to bring her action to trial; (2) the time for bringing the action to trial under section 583.310 was tolled 489 days for the first appeal, and 669 days for the second appeal; (3) emergency rule 10(a) extended the time within which Lisa was required to bring her case to trial by six months; (4) the time for bringing the action to trial was tolled 356 days because a courtroom was unavailable, but the trial court accounted for that time; (5) because impossibility, impracticability or futility is best resolved by the trial court, and the trial court's minute order did not address the issue, we will remand the matter; and (6) Lisa failed to establish her claim of estoppel.

We will reverse the order granting defendants' motion to dismiss, order the matter reinstated, and remand the matter with directions that the trial court determine whether it was impossible, impracticable or futile for Lisa to bring her action to trial within the

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

extended five-year period, and rule on defendants' motion to dismiss in light of that determination and consistent with this opinion.

BACKGROUND

Lisa initiated the lawsuit on July 24, 2014. On August 11 of that year, the trial court issued a preliminary injunction restraining defendants from transferring or disbursing proceeds from the sale of the property. Defendants filed a notice of appeal challenging the preliminary injunction order at the end of August. (*Mukai. v. Singh* (Oct. 29, 2015, C077273) [nonpub. opn.].)

On May 1, 2015, Lisa filed a motion to strike defendants' cross-complaint pursuant to section 425.16 (the anti-SLAPP motion). The trial court granted the anti-SLAPP motion but the order was not signed and filed until December 28, 2016.

This court affirmed the trial court's preliminary injunction order in case No. C077273 and issued a remittitur on December 29, 2015.

On April 11, 2016, the trial court set the case for a seven-day jury trial to commence on January 10, 2017, but that trial date was later vacated because the pleadings were not yet settled.

On February 27, 2017, Rebecca, Ralie and Stella filed a notice of appeal challenging the order granting Lisa's anti-SLAPP motion. (*Singh v. Mukai* (Oct. 26, 2018, C084181) [nonpub. opn.].) This court affirmed the trial court's order and issued a remittitur on December 28, 2018.

On December 2, 2019, the trial court set a trial date of November 3, 2020. That trial date was later vacated because the trial court had not yet ruled on plaintiff's summary judgment motion.

The parties then entered into a series of stipulations concerning the trial date. On January 25, 2021, a stipulation to set settlement conference and trial dates was filed in the trial court. The trial court set an eight-day jury trial to begin on September 21, 2021, pursuant to the stipulation.

On September 17, 2021, the trial court vacated the September 21, 2021 trial date because of the ongoing COVID-19 pandemic and ordered a trial-setting conference for October 4, 2021. The parties were informed at the trial-setting conference that the first available trial date would be almost a year from then, September 12, 2022.

On October 15, 2021, Lisa filed a stipulation in which defendants expressly waived their right to dismiss the action based on "section 583.10, including any tolling period." On the same date, the trial court set the case for an eight-day jury trial to begin the following fall, on September 13, 2022.

The trial court subsequently vacated the September 13, 2022 trial date, upon a showing of good cause by Lisa. An August 31, 2022 settlement conference minute order states that Lisa's attorney Alberto Campain informed the trial court of a conflict with a trial in Los Angeles set to begin on September 12, 2022.

Ralie passed away on October 29, 2022.

On November 3, 2022, the trial court set the matter for a seven- to 10-day jury trial to begin on May 23, 2023, based on the parties' stipulation. The stipulation stated: "Defendants waive the right to seek dismissal under CCP § 583.310 before December 31, 2023."

On May 9, 2023, Lisa filed a stipulation to continue the May 23, 2023 trial date. The stipulation stated that Lisa' attorney Lawrence Ecoff was engaged in a jury trial in Los Angeles County from May 15, 2023, through June 2023, and would start a two-week trial in another case on June 20, 2023. The trial court continued the trial to November 14, 2023, pursuant to the stipulation.

On October 25, 2023, Lisa filed an ex parte application to continue the November 14, 2023 trial date because Mr. Ecoff and Mr. Campain started a trial in Los Angeles County Superior Court in *Shashikant Jogani v. Haresh Jogani* (the Jogani action) on September 18, 2023, and defendants would not further stipulate to continue the trial date. Lisa did not seek to reopen discovery. Although the last section 583.310

4

waiver by defendants was set to expire on December 31, 2023, Lisa's ex parte application did not call the trial court's attention to the need for a trial date before December 31, 2023. Instead, Lisa asked the trial court for a trial date in February 2024 or "a date convenient to the [trial] court's calendar."

The trial court granted Lisa's ex parte application on October 27, 2023. It vacated the November 14, 2023 trial date and set a trial-setting conference for December 18, 2023.

At the December 18, 2023 trial-setting conference, the trial court set the matter for a seven-day jury trial to commence almost a year later, on December 3, 2024. Defendants' counsel William Wright selected the December 3, 2024 trial date. Lisa's counsel did not participate in selecting the trial date. There is no reporter's transcript for the December 18, 2023 trial-setting conference.

On February 21, 2024, Rebecca and Stella filed a motion to dismiss the action for failure to bring it to trial within five years. Lisa opposed the motion. The trial court heard defendants' motion on April 22, 2024. There is no reporter's transcript for the hearing.

The trial court granted the motion to dismiss, finding as follows: The case was filed on July 24, 2014. Five years from that date was July 24, 2019. The five-year period was tolled for 483 days due to the stay resulting from the first appeal, thereby extending the five-year period to November 18, 2020. The five-year period was further tolled for 667 days due to the stay resulting from the second appeal, thereby extending the five-year period to September 16, 2022. In addition, the five-year period was further tolled for 357 days due to the COVID-19-related delay, thereby extending the five-year period to September 8, 2023. The parties' November 3, 2022 stipulation further extended the five-year period to December 31, 2023. The trial court granted the motion pursuant to section 583.310 because the case was not brought to trial before December 31, 2023.

DISCUSSION

I

Lisa points to the stipulation executed an October 14, 2021, which she claims waived defendants' right to dismiss the action under section 583.310.

A written stipulation that extends in express terms the time of trial to a date beyond the five-year period or expressly waives the right to a dismissal under section 583.310 is another exception to section 583.360's dismissal mandate. (§ 583.330, subd. (a); *J. C. Penney Co. v. Superior Court* (1959) 52 Cal.2d 666, 669 (*J. C. Penney Co.*); see *Smith v. Bear Valley Milling & Lumber Co.* (1945) 26 Cal.2d 590, 599.) A written stipulation expressly waiving the benefit of section 583.310, or postponing the trial to a time beyond the five-year period, extends the five-year period to the date to which the trial was postponed. (*Miller & Lux, Inc. v. Superior Court* (1923) 192 Cal. 333, 338 (*Miller & Lux*).)

We independently review the trial court's interpretation of a written stipulation, including the resolution of any ambiguity, unless the interpretation depends on the resolution of factual questions concerning the credibility of extrinsic evidence. (*Munoz v. City of Tracy* (2015) 238 Cal.App.4th 354, 358 (*Munoz*); *Dowling v. Farmers Ins. Exchange* (2012) 208 Cal.App.4th 685, 694 (*Dowling*).) We interpret a stipulation so as to give effect to the mutual intention of the parties at the time the stipulation was made. (*Dowling*, at p. 695.)

On October 14, 2021, counsel for the parties signed a stipulation titled "Stipulation to Extend Time to Bring Action to Trial Pursuant to Code of Civil Procedure § 583.310 et seq." The stipulation recounted the various delays and grounds for tolling to that point, noted that the next available trial date was September 12, 2022, and stated: "It is Stipulated and Agreed the parties hereby expressly waive any rights to dismiss this lawsuit on the basis that the action was not brought to trial within five (5) years after the action was commenced against Defendants as required by Code of Civil Procedure

6

§ 583.310, including any tolling period."  The stipulation was filed in the trial court on October 15, 2021.  On the same day, the trial court set a jury trial to begin on September 13, 2022.

Considering the language of the stipulation in its entirety, we do not interpret it as a complete waiver that granted Lisa an open extension to bring her case to trial at any time.  Rather, we interpret it, consistent with its title and the reference to the next available trial date, as an agreement to "extend" the five-year period to the rescheduled trial date, September 13, 2022.  Our interpretation is supported by the subsequent stipulation and order filed November 3, 2022, in which the parties agreed defendants waived the right to seek a dismissal under section 583.310 *before December 31, 2023*.  Such a time-limited waiver would be unnecessary if defendants had already agreed to an unlimited waiver.

## II

Lisa next contends the trial court miscalculated the tolling periods for the pendency of the appeals.

An action must be brought to trial within five years after it is commenced.  (§ 583.310)  An action is commenced when the original complaint is filed.  (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 723 (*Bruns*).)  An action tried to a jury is brought to trial when the jury is impaneled and sworn.  (*Ibid.*)

If an action is not brought to trial within the section 583.310 five-year period, it must be dismissed after notice to the parties.  (§ 583.360, subd. (a).)  "The purpose of the five-year dismissal statute is to prevent the prosecution of stale claims where defendants could be prejudiced by loss of evidence and diminished memories of witnesses" and to protect "defendants from the annoyance of having unmeritorious claims against them unresolved for unreasonable periods of time."  (*Munoz, supra*, 238 Cal.App.4th at pp. 358-359; see *Alpha Media Resort Investment Cases* (2019) 39 Cal.App.5th 1121, 1128.)  A plaintiff "has an affirmative obligation to do what is necessary to move the action

7

forward to trial in [a] timely fashion." (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 322 (*Tanguilig*).) The requirements of section 583.310 et seq. are mandatory and not subject to extension, excuse, or exception except as expressly provided by statute. (§ 583.360, subd. (b).)

In general, time during which a case could not be brought to trial is excluded from the five-year period. (*Holland v. Dave Altman's R.V. Center* (1990) 222 Cal.App.3d 477, 482; see *Bruns, supra*, 51 Cal.4th at p. 731.) In computing the five-year period, it is appropriate to exclude the time during which the trial court's jurisdiction to try the action was suspended and prosecution or trial of the action was stayed or enjoined. (§ 583.340, subds. (a) & (b).) For example, the five-year period is tolled during the pendency of an appeal. (*Christin v. Superior Court* (1937) 9 Cal.2d 526, 530, 533; *Holland,* at pp. 482-483; *Fannin Corp. v. Superior Court* (1974) 36 Cal.App.3d 745, 750.)

To the extent the challenged trial court ruling was based on factual findings, we review it for abuse of discretion. (*Dowling, supra*, 208 Cal.App.4th at p. 694.) To the extent it was based on the construction and application of a statute, our review is de novo. (*Ibid.*)

This action was commenced on July 24, 2014. (*Bruns, supra*, 51 Cal.4th at p. 723.) The first appeal, case No. C077273, was initiated on August 27, 2014, when the notice of appeal was filed in the trial court. (See generally Cal. Rules of Court, rule 8.100(a)(1); *Estate of Hanley* (1943) 23 Cal.2d 120, 123-124.) This court issued a remittitur on December 29, 2015. (See generally *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 [issuance of the remittitur effects the transfer of jurisdiction to the superior court].) The second appeal, in case No. C084181, was initiated on February 27, 2017, and the remittitur was issued on December 28, 2018.

The trial court accounted for the time when Lisa's action was stayed during those appeals. However, it appears the trial court calculated the stay period for case No. C077273 by starting with the date the notice of appeal was received in this court and not

8

when it was filed in the trial court. It is unclear how the trial court calculated the stay period for the second appeal.

Lisa contends the five-year period was tolled 489 days during the pendency of the first appeal (from August 27, 2014, to December 29, 2015) and 669 days during the pendency of the second appeal (from February 27, 2017, to December 28, 2018). We agree. Adding 1,158 days for the time the five-year period was tolled for the appeals, the five-year period was extended to September 24, 2022.

### III

Lisa further contends Judicial Council emergency rule 10(a) extended the five-year period by an additional six months. She is correct.

Although Lisa did not assert emergency rule 10(a) in the trial court, we exercise our discretion to consider her appellate claim because the claim involves only a legal issue determinable from undisputed facts and facts that cannot be altered by the presentation of additional evidence. (*In re Marriage of Priem* (2013) 214 Cal.App.4th 505, 510-511; see *Ward v. Taggart* (1959) 51 Cal.2d 736, 742.)

Governor Gavin Newsom declared a state of emergency as a result of the COVID-19 pandemic on March 4, 2020. (*Barron v. Santa Clara County Valley Transportation Authority* (2023) 97 Cal.App.5th 1115, 1122 (*Barron*).) He subsequently "issued an executive order acknowledging that ' "the Judicial Branch retains extensive authority, statutory and otherwise, to manage its own operations as it deems appropriate to mitigate the impacts of COVID-19 . . . ." [Citation.] "The order suspended any limitations in Government Code section 68115 or any other provision of law that limited the Judicial Council's ability to issue emergency orders or rules, and suspended statutes that may be inconsistent with rules the Judicial Council may adopt." ' " (*Id.* at p. 1123.) Acting on that authority, the Judicial Council issued emergency rule 10(a) which, effective April 6, 2020, provided that " '[n]otwithstanding any other law, including Code of Civil Procedure section 583.310, for all civil actions filed on or before April 6, 2020, the time

9

in which to bring the action to trial is extended by six months for a total time of five years and six months.' " (*Barron,* at p. 1123.)

Because Lisa's action was filed before April 6, 2020, emergency rule 10(a) extended the time within which she was required to bring her case to trial an additional six months. (*Barron, supra*, 97 Cal.App.5th at pp. 1124-1126.) Including the extension for the appeals, emergency rule 10(a) extended the five-year-period to March 24, 2023.

IV

In addition, Lisa argues that the time for bringing her action to trial was tolled 357 days because of courtroom unavailability from September 21, 2021 to September 13, 2022.

The time during which it was impossible, impracticable or futile to bring an action to trial must be excluded when computing time under section 583.310. (§ 583.340, subd. (c).) The tolling may include the aggregate time a case is continued because of courtroom unavailability. (*Chin v. Meier* (1991) 235 Cal.App.3d 1473, 1476-1478 [a court-ordered continuance makes it impossible or impractical for a plaintiff to proceed to trial]; *Rose v. Scott* (1991) 233 Cal.App.3d 537, 542 [impossibility occurs when no courtroom is available]; but see *Oswald v. Landmark Builders, Inc.* (2023) 97 Cal.App.5th 240, 248 (*Oswald*) [unavailability of courtrooms does not automatically lead to a finding of impossibility or impracticability; a trial court must determine the extent to which the unavailability of courtrooms interfered with the plaintiff's ability to bring the action to trial during the relevant period].) We review a trial court's determination whether bringing the action to trial was impossible, impracticable or futile for abuse of discretion. (*Tanguilig, supra*, 22 Cal.App.5th at p. 324.)

The trial court vacated the September 21, 2021 trial date on its own motion because of the ongoing COVID-19 pandemic. As of October 2021, the next available trial date was almost a year later, on September 12, 2022. Because a courtroom was unavailable from September 21, 2021 to September 11, 2022, the time for bringing

10

Lisa's lawsuit to trial was tolled 356 days, and the trial court accounted for that time. Including the prior extensions, courtroom unavailability extended the five-year period to March 14, 2024.

V

Moreover, Lisa contends the time for bringing her action to trial was tolled 176 days because her attorneys were engaged in trial in another case.

As we have explained, the time during which bringing the action to trial was impossible, impracticable or futile must be excluded when computing time under section 583.310. (§ 583.340, subd. (c).) "[A] trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case. [Citations.] A plaintiff's reasonable diligence alone does not preclude involuntary dismissal; it is simply one factor for assessing the existing exceptions of impossibility, impracticability, or futility. [Citation.]" (*Bruns, supra*, 51 Cal.4th at pp. 730-731; see *Brunzell Constr. Co. v. Wagner* (1970) 2 Cal.3d 545, 553, 555 [explaining that determination of impracticability requires the consideration of factors including the diligence and good faith efforts of the plaintiff, the prejudice or hardship to the defendants, and the nature of the proceedings]; *Oswald, supra*, 97 Cal.App.5th at p. 247 ["The trial court must determine whether a plaintiff has shown a circumstance of impossibility, impracticability, or futility; a causal connection between that circumstance and failing to move the case to trial; and reasonable diligence in moving the case to trial at all stages of the proceedings."]; *Tanguilig, supra*, 22 Cal.App.5th at pp. 327-330 [considering whether an arbitration order, which was the basis for the plaintiff's tolling claim, prevented the plaintiff from taking her claims to trial and whether the delay caused by the arbitration order was avoidable].)

11

"Determining whether the [impossibility, impracticability or futility] exception applies requires a fact-sensitive inquiry and depends 'on the obstacles faced by the plaintiff in prosecuting the action and the plaintiff's exercise of reasonable diligence in overcoming those obstacles.' [Citation.] ' "[I]mpracticability and futility" involve a determination of " 'excessive and unreasonable difficulty or expense,' " in light of all the circumstances of the particular case.' [Citation.] [¶] The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance.' [Citation.] The plaintiff bears the burden of proving that the circumstances warrant application of the [impossibility, impracticability or futility] exception." (*Bruns, supra*, 51 Cal.4th at pp. 731-732, italics omitted; accord *Dowling, supra*, 208 Cal.App.4th at pp. 697-699 [stating that whether it was impossible, impracticable or futile to bring an action to trial requires consideration of "practical realities"].)

Lisa argued in the trial court that it was impossible, impracticable or futile to bring her action to trial from September 18, 2023 to March 12, 2024 (176 days) because her attorneys were engaged in trial in the Jogani action. The trial court's April 22, 2024 minute order does not address the argument and there is no reporter's transcript for the April 22, 2024 hearing. Accordingly, we will remand the matter to the trial court to determine in the first instance whether the section 583.340, subdivision (c) exception applies because Lisa's trial counsel were unavailable for a trial in this case from September 18, 2023 to March 12, 2024, including whether Lisa exercised reasonable diligence in prosecuting her case. If the trial court concludes it was impossible, impracticable or futile for Lisa to bring her action to trial during that entire period, the five-year period would have been further extended to September 6, 2024, and defendants' motion to dismiss would have been premature. If the trial court determines it was impossible, impracticable or futile for Lisa to bring her action to trial for a subset of that time period, the extension would need to be revised accordingly.

12

VI

Finally, Lisa asserts that defendants were estopped from seeking dismissal of the action because defendants' counsel selected a trial date beyond December 2023 at the December 18, 2023 trial-setting conference.

Estoppel is another exception to section 583.310. (*Holder v. Sheet Metal Workers' Internat. Assn.* (1981) 121 Cal.App.3d 321, 325-327; *Borglund v. Bombardier, Ltd.* (1981) 121 Cal.App.3d 276, 281.) "Equitable estoppel requires that: (1) the party to be estopped was aware of the operative facts and either intended that its act or omission be acted upon, or acted in such a way that the party asserting estoppel rightfully believed it was intended; and (2) the party asserting estoppel was unaware of the facts and [reasonably] relied on the other party's conduct to its detriment. [Citation.] The party asserting estoppel has the burden to establish these elements." (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1097; see *Brown v. Chiang* (2011) 198 Cal.App.4th 1203, 1227.)

The minute order filed on December 18, 2023, set a December 3, 2024 trial date. The minute order does not state that defendants waived their right to seek a dismissal under section 583.310. There is no reporter's transcript for the December 18, 2023 trial-setting conference. Counsel for defendants averred that he went to the courthouse on December 18, 2023, and obtained the December 3, 2024 trial date. He did not state that defendants waived their right to seek a dismissal under section 583.310. (See *Central Mutual Ins. Co. v. Executive Motor Home Sales, Inc.* (1983) 143 Cal.App.3d 791, 796 [mere attendance at a trial-setting conference does not imply an agreement to waive the five-year dismissal statute]; *Wright v. Groom Trucking Co.* (1962) 206 Cal.App.2d 485, 494-495 [defendants' presence at the conference when the trial date was set did not estop the defendants from seeking dismissal under the five-year dismissal statute because estoppel required a duty to act and the defendant had no duty to bring the case to trial].) And in opposing the motion to dismiss, Lisa did not present any evidence showing

13

defendants waived their right to seek a dismissal under section 583.310 when the December 3, 2024 trial date was set, or that Lisa relied on defendants' conduct to her detriment.

Lisa has not established estoppel.

## DISPOSITION

The order dismissing Lisa's action is reversed. The action is ordered reinstated and is remanded with directions that the trial court determine whether it was impossible, impracticable, or futile for Lisa to bring her action to trial within the extended five-year period because her trial counsel were engaged in trial in another case, including whether Lisa exercised reasonable diligence in prosecuting her case, and then rule on defendants' motion to dismiss in light of that determination and in a manner consistent with this opinion. The parties shall bear their own costs on appeal.

_____/S/_____
MAURO, Acting P. J.

We concur:

_____/S/_____
BOULWARE EURIE, J.

_____/S/_____
FEINBERG, J.

14